```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
CECILIA A. JONES and
WILHELMINA P. JONES,

                        Plaintiffs,
                                              MEMORANDUM & ORDER
         -against-                            15-CV-5211(JS)(AYS)

ANDREW G. TARANTINO, JR.

                        Defendant.
--------------------------------------X
APPEARANCES
For Plaintiffs:    Cecilia A. Jones, pro se
                   Wilhelmina P. Jones, pro se
                   3 Teller Avenue
                   Coram, NY 11727

For Defendant:     Ralph Pernick, Esq.
                   New York State Attorney General's Office
                   200 Old County Road, Suite 240
                   Mineola, NY 11501
```

SEYBERT, District Judge:

Pro se plaintiffs Cecilia A. Jones and Wilhelmina P. Jones ("Plaintiffs") commenced this action on September 9, 2015 pursuant to 42 U.S.C. § 1983 against defendant Judge Andrew G. Tarantino Jr. ("Judge Tarantino"), an acting New York State Supreme Court Justice, asserting various constitutional claims arising out of a state court mortgage foreclosure action in which Judge Tarantino ordered a judgment of foreclosure and sale. Presently pending before the Court is Plaintiffs' motion for a temporary restraining order and preliminary injunction, which seeks to "stay" the foreclosure judgment and the future public auction of

Plaintiffs' real property.  (Docket Entry 8.)  For the following reasons, Plaintiff's motion is DENIED.

"A plaintiff seeking a preliminary injunction or temporary restraining order must demonstrate '(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary relief." Fequiere v. Tribeca Lending, No. 14-CV-0812, 2015 WL 1412580, at *7 (E.D.N.Y. Mar. 20, 2015).  Plaintiffs are not entitled to a temporary restraining order or a preliminary injunction here because they have failed to demonstrate a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation.  Specifically, as the Complaint is currently pleaded, Judge Tarantino would be entitled to judicial immunity from this suit.

"Although the judicially created doctrine of judicial immunity does not bar a claim for prospective injunctive relief against a judicial officer acting in his judicial capacity, Congress provided for such immunity within the text of § 1983 itself." Kneitel v. Palos, No. 15-CV-2577, 2015 WL 3607570, at *8 (E.D.N.Y. June 8, 2015) (internal quotation marks, citations, and emphasis omitted). Specifically, Section 1983 states that "in any action brought against a judicial officer for an act or omission

taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Here, the Complaint's conclusory allegation that Judge Tarantino conspired with the plaintiff in the underlying foreclosure action is insufficient to plausibly allege that Judge Tarantino acted outside of his judicial capacity when he ordered a judgment of foreclosure and sale. Thus, unless Judge Tarantino violated a declaratory decree or declaratory relief was unavailable to Plaintiffs, he is entitled to judicial immunity. The Complaint does not allege that declaratory decree was ever entered, nor does it allege that declaratory relief was unavailable to Plaintiff through an appeal of the judgment of foreclosure and sale. See Kneitel, 2015 WL 3607570, at *8 ("Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." (internal quotation marks and citations omitted)). Accordingly, Plaintiffs have not demonstrated a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation. Their motion for injunctive relief is therefore DENIED.

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to pro se Plaintiffs.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  September __22__, 2015
        Central Islip, New York