```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CECILIA A. JONES and
WILHELMINA P. JONES,

                           Plaintiffs,
                                                   MEMORANDUM & ORDER
            -against-                              15-CV-5211(JS)(AYS)

ANDREW G. TARANTINO, JR.,

                           Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Cecilia A. Jones, pro se
                    Wilhelmina P. Jones, pro se
                    3 Teller Avenue
                    Coram, NY 11727

For Defendant:      Ralph Pernick, Esq.
                    New York State Attorney General
                    200 Old Country Road, Suite 240
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Pro se plaintiffs Cecilia A. Jones and Wilhelmina P. Jones ("Plaintiffs") commenced this action on September 9, 2015, asserting constitutional claims pursuant to 42 U.S.C. §§ 1983 and 1985 against defendant Andrew G. Tarantino, Jr. ("Judge Tarantino"), an acting New York State Supreme Court Justice. Presently pending before the Court is Judge Tarantino's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 10.) For the following reasons, Judge Tarantino's motion is GRANTED.

## BACKGROUND[1]

Judge Tarantino is the presiding judge in the matter of Fremont Investment & Loan v. Jones, No. 21128-2007 (N.Y. Sup. Ct. Suffolk Cty.), a state court foreclosure action commenced against Plaintiffs (the "Foreclosure Action").[2] On August 13, 2015, Judge Tarantino issued an Order granting a judgment of foreclosure and sale in the Foreclosure Action. Fremont Inv. & Loan v. Jones, No. 21128-2007 (N.Y. Sup. Ct. Suffolk Cty. Aug. 13, 2005).

On September 9, 2015, Plaintiffs commenced this action against Judge Tarantino. The Complaint alleges that Judge Tarantino violated Plaintiffs' constitutional rights during the pendency of the Foreclosure Action. Particularly, Plaintiffs allege that Judge Tarantino issued Orders that contained "willful[ ] and intentional[ ] lies," (Compl. ¶¶ 3, 6, 8-9); conspired with Fremont, the original plaintiff in the Foreclosure Action, to fraudulently deprive Plaintiffs of their property, (Compl. ¶¶ 4-5, 7, 11); "failed to uphold his duties as state court

---

[1] The following facts are drawn from the Complaint and documents of which the Court takes judicial notice. Allegations in the Complaint are assumed to be true for the purposes of this Memorandum and Order.

[2] The docket in the Foreclosure Action indicates that Deutsche Bank National has been substituted as the plaintiff. However, Fremont Investment and Loan ("Fremont") was previously the plaintiff in that matter. For ease of reference, the Court will use the caption of Fremont Investment & Loan v. Jones when citing to the Foreclosure Action.

judge to [p]rotect federal rights and property rights of the Plaintiffs . . . against Freemont [ ] who was ordered by the Federal Government to [ ]cease and desist in business operations[,]" (Compl. ¶ 10); permitted Fremont to proceed with the Foreclosure Action even though it was defunct, (Compl. ¶ 12); and failed to provide Plaintiffs with a "mortgage audit" of Freemont, Deutsche Bank, and Ocwen Financial, (Compl. ¶ 13).

The Court construes the Complaint as asserting claims pursuant to 42 U.S.C. §§ 1983 and 1985. (See Compl. at 1.) Plaintiffs allege that Judge Tarantino violated their rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments. (Compl. at 1.) The Complaint seeks the following relief: (1) an Order vacating the Judgment of Foreclosure of Sale entered in the Foreclosure Action, (2) an Order staying and/or reversing Judge Tarantino's Orders until the trial of this action, (3) the "impeachment" of Judge Tarantino, and (4) "a declaratory judgment on all [ ] claims against the Defendant." (Compl. at 10.) Plaintiffs also assert that declaratory relief has been unavailable. (Compl. at 10.)

On September 25, 2015, Judge Tarantino moved to dismiss the Complaint pursuant to Rule 12(b)(6). (Def.'s Mot., Docket Entry 10.) Judge Tarantino argues that Plaintiffs' Section 1983 claim must fail because injunctive relief is not available against a judicial officer acting in his judicial capacity "unless a

3

declaratory decree was violated or declaratory relief was unavailable." (Def.'s Br., Docket Entry 10-1, at 4-5 (internal quotation marks omitted).) Judge Tarantino further asserts that there is no basis for declaratory relief in this action. (Def.'s Br. at 5-6.) Additionally, Judge Tarantino argues that this Court is not empowered to impeach a state court judge. (Def.'s Br. at 7.)

On October 9, 2015, Plaintiffs filed an affidavit in opposition that largely fails to address Judge Tarantino's arguments and instead reiterates the allegations in the Complaint and focuses on the Court's Memorandum and Order denying Plaintiffs' request for a temporary restraining order and preliminary injunction.[3] (See generally Pls.' Opp., Docket Entry 13.) However, Plaintiffs argue that Judge Tarantino is not entitled to judicial immunity. (Pls.' Opp. ¶ 11.)

DISCUSSION

To withstand a motion to dismiss, a complaint must contain factual allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678,

---

[3] On September 22, 2015, the Court denied Plaintiffs' motion for a temporary restraining order and preliminary injunction that sought to "stay" the judgment in the Foreclosure Action and a future public auction of Plaintiffs' property. (Order, Docket Entry 9.) The Court issued two subsequent Electronic Orders denying Plaintiffs' substantially similar motions for injunctive relief. (See Electronic Orders dated October 9, 2015, and December 15, 2015.)

4

129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). This plausibility standard is not a "probability requirement" and requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks and citation omitted). To that regard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Court's plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotation marks and citation omitted).

A complaint filed by a pro se litigant is to be construed liberally and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). See also Hiller v. Farmington Police Dep't, No. 12-CV-1139, 2015 WL 4619624, at *7 (D. Conn. July 31, 2015) (noting that the dismissal of a pro se complaint pursuant to Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal quotation marks and citation omitted). Nevertheless, a pro se complaint must state a plausible claim for relief and comply with the minimal pleading

5

standards set forth in Federal Rule of Civil Procedure 8. Hiller, 2015 WL 4619624, at *7.

I. Section 1983

"It is well settled that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities." Kneitel v. Palos, No. 15-CV-2577, 2015 WL 3607570, at *8 (E.D.N.Y. June 8, 2015) (internal quotation marks and citations omitted). Allegations of bad faith, malice, or errors do not suffice, as a judge will only be deprived of immunity where he "takes action not in his or her judicial capacity or the actions at issue were taken in the complete absence of all jurisdiction." Id. (internal quotation marks and citation omitted).

Additionally, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The Court finds that Plaintiffs' claims are based on actions taken by Judge Tarantino in his capacity as a state court judge. As set forth above, the Complaint alleges that Judge Tarantino committed constitutional violations by issuing Orders, "fail[ing] to uphold his duties as a state court judge[,]" permitting Fremont to proceed with the Foreclosure Action, and failing to provide Plaintiffs with a

"mortgage audit" during the Foreclosure Action. (Compl. ¶¶ 3, 6, 8-10, 12-13.) Plaintiffs also allege that Judge Tarantino conspired to influence the outcome of the Foreclosure Action in favor of Fremont. (See, e.g., Compl. ¶ 5 ("Defendant . . . conspired and aid and abetted [Freemont] to steal and defraud the Plaintiffs out [of] all the equity and in their home").) Thus, to obtain injunctive relief on their Section 1983 claim, Plaintiffs must demonstrate that a declaratory judgment was violated or declaratory relief was unavailable.

However, Plaintiffs fail to allege that a declaratory decree was violated and its conclusory assertion that "[d]eclaratory relief has not been available to the Plaintiff[s] against the Defendant," (Compl. at 10), does not suffice to plausibly plead the unavailability of declaratory relief. "'Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.'" LaScalia v. Driscoll, No. 10-CV-5007, 2012 WL 1041456, at *7 (E.D.N.Y. Mar. 26, 2012) (quoting LeDuc v. Tilley, No. 05-CV-0157, 2005 WL 1475334, at *7 (D. Conn. Jun. 22, 2005)). The main crux of the Complaint is Plaintiffs' dissatisfaction with Judge Tarantino's determinations in the Foreclosure Action. Thus, declaratory relief was available in the form of an appeal. Cf. Ashmore v. N.Y., No. 12-CV-3032, 2012 WL 2377403, at *3 (E.D.N.Y. Jun. 25, 2012), aff'd sub nom. Ashmore v. Prus, 510 F. App'x 47

7

(2d Cir. 2013) ("While plaintiff, who appealed the judgment entered against him in state court, may not have succeeded in obtaining declaratory relief, he has not alleged facts to suggest that such relief was unavailable").

The Court is similarly unpersuaded by Plaintiffs' request for a declaratory judgment. (Compl. at 10.) <u>First</u>, Plaintiffs seek declaratory relief based on the vague allegation that "Plaintiff is seeking a declaratory judgment on all [ ] claims against the Defendant." (Compl. at 10.) Plaintiffs fail to provide any additional facts that would allow the Court to discern the nature of this requested declaratory judgment.

<u>Second</u>, while the doctrine of judicial immunity does not preclude claims for prospective relief, <u>LeDuc</u>, 2005 WL 1475334, at *7, the Complaint addresses Judge Tarantino's <u>past</u> conduct during the Foreclosure Action. Plaintiffs' conclusory assertion that Judge Tarantino continues to violate Plaintiffs' constitutional rights, (Compl. at 10), does not suffice to plausibly plead an ongoing constitutional violation. <u>See</u> <u>LaScalia</u>, 2012 WL 1041456, at *8 (declining to grant the plaintiffs' request for declaratory relief where the plaintiffs sought relief that was "not prospective in nature"); <u>LeDuc</u>, 2005 WL 1475334, at *6 (holding that the plaintiff's injury could not be remedied through a prospective declaratory judgment where he failed to allege that the state court

8

order constituted an "ongoing violation . . . [or] that he will be subject to a similar injury in the future").

Accordingly, Judge Tarantino's motion to dismiss Plaintiffs' Section 1983 claim is GRANTED.

II. Section 1985

The Court construes the Complaint as asserting a claim pursuant to Section 1985(3),[4] which "prohibits two or more persons from conspiring for the purpose of depriving any person of the equal protection of the laws, or of equal privileges and immunities under the laws." Estes-El v. Dumoulin, No. 06-CV-2528, 2012 WL 1340805, at *6 (E.D.N.Y. Apr. 18, 2012). A Section 1985(3) claim contains the following elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States.

Indian Lake, 954 F. Supp. at 531 (internal quotation marks and citations omitted). Additionally, "[t]he conspiracy must be motivated 'by some racial or perhaps otherwise class-based,

---

[4] The Court finds that Section 1985(1) and (2) are inapplicable to the case at bar. "Section 1985(1) pertains to preventing officers of the United States from discharging their duties" and "Section 1985(2) addresses intimidation of federal witnesses as well as the obstruction of justice more generally." Estes-El v. Town of Indian Lake, 954 F. Supp. 527, 531 n.8 (N.D.N.Y. 1997).

9

invidious discriminatory animus behind the conspirators' action.'" Dumoulin, 2012 WL 1340805, at *6 (quoting Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993)).

The Complaint's conclusory assertion that Judge Tarantino "willfully and intentionally conspir[ed] with [Fremont]" to deprive Plaintiffs of their property and "defraud" Plaintiffs of the equity in their home, (Compl. ¶¶ 4-5), fails to plausibly allege the existence of a conspiracy. See LaScalia, 2012 WL 1041456, at *9 (noting that "[a] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights must be dismissed") (internal quotation marks and citations omitted). Moreover, the Complaint fails to allege that Judge Tarantino was motivated by racial or class-based discriminatory animus. See Indian Lake, 954 F. Supp. at 532 (dismissing the Section 1985(3) claim in the absence of any "allegations that [the plaintiff] is a member of a protected class or that defendants acted with a race or class-based discriminatory animus"). Accordingly, Judge Tarantino's motion to dismiss Plaintiffs' Section 1985 claim is GRANTED.

III. Impeachment

The Complaint requests that this Court "impeach[ ]" Judge Tarantino "for violating his oath of office and failing to uphold the United States Constitution and the New York State Constitution and all the laws of the United States for deprivations

of the Plaintiff[s'] rights . . . ." (Compl. at 10.) Pursuant to New York state law, the New York State Commission on Judicial Conduct is vested with the power to investigate complaints regarding state court judges and to admonish, censure, or remove state court judges from office. LaScalia, 2012 WL 1041456, at *8 (citing N.Y. Judiciary Law § 44(1)). Accordingly, the Court lacks the authority to sanction Judge Tarantino, as "[t]hat power rests with the Commission and the Commission alone." Gregory v. Ricigliano, No. 12-CV-4372, 2014 WL 119475, at *8 (E.D.N.Y. Jan. 10, 2014) (citing N.Y. CONST. art. VI, §§ 22(a), (d); N.Y. Judiciary Law §§ 44(1), (7)).

IV. Leave to Replead

The Court should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim may be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012) (internal quotation marks and citations omitted). See also FED. R. CIV. P. 15(a)(2) ("[t]he court should freely give leave [to amend] when justice so requires"). Nevertheless, it is within the Court's discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that the plaintiff may state a valid claim. Perri, 2012 WL 3307013, at *4.

11

Judge Tarantino argues that Plaintiffs should be denied leave to replead and their claims should be dismissed with prejudice. (Defs.' Br. at 8.) The Court concurs that amendment of the Complaint would be futile.

As set forth above, the Complaint seeks injunctive and declaratory relief for actions taken by Judge Tarantino in his official capacity as a state court judge. Plaintiffs do not allege that a declaratory judgment was violated and Plaintiffs have not and cannot demonstrate that declaratory relief was unavailable given the availability of an appeal of Judge Tarantino's Orders and/or the Judgment in the Foreclosure Action. Amendment is futile regarding Plaintiffs' claim for a declaratory judgment, as this action seeks to address Judge Tarantino's past conduct. Similarly, amendment of Plaintiffs' Section 1985 claim would also be futile given Plaintiffs' failure to allege that Judge Tarantino's actions were motivated by discriminatory animus. Finally, this Court does not have the authority to impeach a state court judge, as requested by Plaintiffs.

Accordingly, notwithstanding Plaintiffs' pro se status, the Court declines to grant leave to amend, as there is no indication from a liberal reading of the Complaint that Plaintiffs may state a valid claim. See, e.g., Ashmore, 510 F. App'x at 49 (holding that the district court did not err in denying the pro se plaintiff leave to amend the complaint where "the barriers to

12

relief for [the plaintiff's] claims cannot be surmounted by reframing the complaint"); Perri, 2012 WL 3307013, at *4 (declining to grant the pro se plaintiff leave to file an amended complaint).

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Docket Entry 10) is GRANTED. Plaintiffs' claims are DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to enter judgment accordingly and to mark this case CLOSED. The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiffs.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __21__, 2016
       Central Islip, New York